IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:24-CR-133-TAV-JEM |
| MICHAEL ROBERT POTTER, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Michael Robert Potter's Motion for New Scheduling Order and to Continue All Dates [Doc. 18], filed on January 14, 2025.

Defendant Potter asks the Court to put down a new scheduling order, continuing all dates and the trial date [Doc. 18]. He states that at his arraignment, there was some discussion about extending deadlines given the Government's deadline to provide discovery, December 24, 2024 [*Id.* ¶¶ 2–3]. He explains that as a result of a new software, the Government made a good faith mistake and did not process the discovery to send to him [*Id.* ¶ 2, 5]. After he inquired about the availability of discovery, the Government provided the expedited materials on January 13, 2025 [*Id.* ¶ 6]. Defendant clarifies that he does not argue that the Government intended to delay releasing discovery [*Id.* ¶ 7]. Defense counsel argues that he needs more time to review discovery as well as negotiate with the Government and that a continuance will not prejudice either party [*Id.* ¶ 8, 10]. Defense counsel confirmed with Chambers via email that Defendant understands his

right to a speedy trial. The Government responded to Defendant's motion, indicating that it does not object to a new scheduling order and continuance [Doc. 19].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs further time to review discovery, negotiate with the Government, and if those negotiations are not fruitful, otherwise prepare for trial. The Court finds that this cannot occur before the February 18, 2025 trial date.

The Court therefore **GRANTS** Defendant Michael Robert Potter's Motion for New Scheduling Order and to Continue All Dates [**Doc. 18**]. Rather than put down a new scheduling order, the Court has included a new, comprehensive, trial schedule below. The trial of this case is reset to **April 29, 2025**. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the initial motion on January 14, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Michael Robert Potter's Motion for New Scheduling Order and to Continue All Dates [**Doc. 18**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 29, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **January 14, 2025**, and the new trial date of **April 29, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **February 13, 2025**, and responses to motions are due on or before **February 27, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 31, 2025**;

(6) the deadline for filing motions *in limine* is **April 14, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 15, 2025, at 2:30 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 18, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge